*44 OPINION.
Gbeen:
Issues 1 and 4, as set out above, relate to the petitioner’s invested capital and involve the question of the value, on November *45 29, 1911 (the date of its acquisition by the petitioner), of the invention and application for patent thereon, and the further question of whether such Avalué may be included in the petitioner’s invested capital. We have found the value of the invention and application to have been $500,000, on the date of its acquisition by the petitioner. This Board, has, however, consistently held that intangible property paid in to a corporation, without consideration, may not be included in paid-in surplus. See Herald-Despatch Co., 4 B. T. A. 1096; Shope Brick Co., 5 B. T. A. 1042; Browning Co., 6 B. T. A. 914. It is, accordingly, held that the petitioner may not include in its invested capital, by reason of the acquisition of this invention and the application for patent thereof, any amount in excess of its cost.
Issues numbered 2 and 5, relate to the annual deduction, if any, to which the petitioner is entitled, by reason of the exhaustion of the patent. The petitioner, in some of its income-tax returns, placed on the invention and application for patent thereon a value of $339,000 as of March 1,1913. In its petition, it alleged the value thereof to be in excess of $500,000. Subsequently, leave to amend to conform to the proof having been granted, it alleged such value to be in excess of $150,000. The witnesses testified to values ranging from $600,000 to $1,000,000. The respondent, in his brief, concedes the value thereof, as of March 1, to have been $373,697.56. We have found as a fact that the valuation of the invention and application for patent thereon, as of March 1, 1913, was $500,000, which valuation we arrived at after a careful consideration of all of the facts and circumstances and the opinions of the witnesses.
In Individual Towel & Cabinet Service Co., 5 B. T. A. 158, we held that the petitioner therein was entitled to an annual deduction for exhaustion of his patent, computed upon the basis of the March 1,1913, value of the invention and application for patent thereon, and a 17-year life of such patent, starting with the actual date of the issuance of such patent. The rule there announced has been consistently adhered to. See Hartford-Fairmont Co., 12 B. T. A. 98, and A. E. Starbuck, Administrator, 13 B. T. A. 796. The petitioner’s deduction for exhaustion of its patent should be computed in the same manner.
The fifth issue relates to additional deductions for bad debts, in the year 1920. This issue was abandoned by the petitioner.
The seventh and last issue relates to the right of the petitioner to have its profits taxes for the calendar years 1920 and 1921 computed under the provisions of sections 327 and 328 of the Revenue Act of 1918. The respondent’s motion to confine the issues to those prescribed in subdivisions (a) and (b) of Rule 62 of the Board’s rules of practice, was granted. Our consideration of this issue is, accord *46 ingly, limited to the question of whether or not there existed abnormal conditions affecting the petitioner’s capital or income, within the meaning of section 327 (d) of the Revenue Act of 1918. Petitioner does not discuss this issue in its brief. It is apparent, however, that the petitioner is the owner of a patent having a value, on the date of acquisition, of $500,000, which it acquired without cost to it. No amount has or can be included in invested capital, by reason of this asset. It is clear that a very substantial portion of the petitioner’s earnings during the taxable years here involved is attributable directly to its ownership of this patent. These conditions, viewed in the light of the petitioner’s invested capital, which the respondent fixed for the year 1920 at the amount of $929,142.56, and for the year 1921 at the amount of $1,024,933.36, indicate clearly to us an abnormal condition affecting the petitioner’s capital. We, therefore, find that an abnormal condition affecting the petitioner’s capital, within the provisions of section 327 (d) of the Revenue Act of 1918, exists as to both years, and it is, accordingly, held that the petitioner is entitled to have its profits taxes computed as provided in section 328 of the Revenue Act of 1918.
Reviewed by the Board.

Further proceedings toill he had wnder parar graph (c) or (d) of Buie 62.

Smith, Sternhagen, and Mukdook dissent.